IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IVORY JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-1005-MHT |
| | ) | [WO] |
| | ) | |
| DAVONDA GREENWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ivory James Smith ["Smith"], a county inmate, complains that he is being subjected to unlawful imprisonment. Specifically, Smith asserts that the victim of an assault falsely accused him of such offense and his parole officer relied on this charge to adversely affect his parole status. Smith names Davonda Greenwood, the victim of an assault for which he has been charged, and A. Tillman, plaintiff's parole officer, as defendants in this cause of action. Smith seeks immediate release from confinement and monetary damages. *Plaintiff's Complaint - Court Doc. No. 1* at 2.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is

## I. DISCUSSION

### A. The Victim

Although Smith names Davonda Greenwood as a defendant, this individual is not a proper party in this cause of action. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear that Ms. Greenwood is not a state actor nor are her actions in any way

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

attributable to the State.  In light of the foregoing, the court concludes that the instant claims against Davonda Greenwood are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  The Parole Officer

Smith complains that his parole officer, Ms. A. Tillman, refused to accept his statement "that I had not committed" the assault and "proceeded to have the plaintiff incarcerated regardless." *Plaintiff's Complaint - Court Doc. No. 1* at 4.  Smith seeks monetary damages from this defendant and his release from incarceration.

1. <u>Request for Monetary Damages</u>.  Parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974).  The actions about which the plaintiff complains relate to actions undertaken by his parole officer relative to revocation of his parole.  Under these circumstances, the actions of defendant Tillman are inextricably intertwined with her decision-making authority and she is therefore absolutely immune from damages liability.  Consequently, Smith's claims for monetary damages against defendant Tillman are due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

2. <u>Request for Release from Confinement</u>.  Smith complains that he is improperly confined on a parole revocation decision issued by officer Tillman and seeks his immediate release from confinement.  This claim provides no basis for relief at this time. *Heck v.*

*Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until" the challenged decision "is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact ... of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was subject to summary dismissal as no cause of action existed under section 1983. *Heck*, 512 U.S. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of

parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole). The plaintiff has not shown that the adverse action of the parole officer has been invalidated in an appropriate civil action. Consequently, the instant collateral attack is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that the plaintiff presently has no cause of action under § 1983 with respect to claims challenging the validity of his confinement arising from an adverse parole decision and these claims are therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Pending Criminal Charge

To the extent Smith challenges the constitutionality of the assault charge pending against him before the Circuit Court of Montgomery County, Alabama, he is likewise entitled to no relief. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Smith has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11ᵗʰ Cir. 1985). Specifically, Smith can attack the sufficiency of the evidence throughout on-going state criminal

proceedings. Moreover, Smith has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Smith may endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of Smith's claims which portend to challenge the constitutionality of the criminal charge pending against him as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Thus, summary dismissal of these claims is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for relief lodged against Davonda Greenwood and parole officer A. Tillman be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. To the extent the plaintiff presents claims challenging his confinement for a violation of the terms of his parole and the constitutionality of a criminal charge pending against him before the Circuit Court of Montgomery County, Alabama, these claims be DISMISSED without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process.

It is further

ORDERED that on or before November 29, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation sSmith bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of November, 2007.



/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE